INTERSTATE COMMERCE COMMISSION v. CHICAGO, B. & Q. R. CO. et al.

(Circuit Court, N. D. Illinois, N. D.    May 9, 1899.)

No. 25,101

1. CARRIERS—INTERSTATE COMMERCE COMMISSION—SUIT TO ENJOIN UNREASONABLE CHARGES.

A petition by the interstate commerce commission for an order of a federal court enjoining a carrier from making certain charges, which the commission has declared to be unreasonable and unjust, is authorized by the interstate commerce act, and is not subject to objection as an attempt to fix maximum rates; the question of the reasonableness of the charges complained of being one which the court is required to determine in such proceeding.

2. SAME.

The findings of the interstate commerce commission on which it bases an order requiring carriers to cease and desist from making certain charges as unreasonable and unjust, which are made prima facie evidence of the facts therein stated on the hearing of a petition by the commission asking a court to enjoin obedience to such order, will not, in view of the terms of the statute and its remedial character, be given a narrow construction on the hearing of a demurrer to the petition on the ground that such findings do not sustain the order made.

3. SAME—PROCEDURE—HEARING DE NOVO.

The court will not be limited on the hearing to a review of the evidence before the interstate commerce commission, and a hearing de novo on the merits should be granted where the findings and petition of the commission are within the letter of the act.

On Demurrer to Petition.

S. H. Bethea, U. S. Dist. Atty., for plaintiff.
Robert Dunlop, for defendant Atchison, T. & S. F. R. Co.
Robert Mather, for defendant Chicago, R. I. & P. R. Co.
Sidney F. Andrews, for defendant Illinois Cent. R. Co.
William Brown, for defendant Chicago & A. R. Co.
G. S. Bennett, for defendant Wabash R. Co.
C. M. Dawes, for defendant Chicago, B. & Q. R. Co.
Charles B. Keeler, for defendant Chicago, M. & St. P. R. Co.
Lloyd W. Barrows, for defendant Chicago & N. W. R. Co.
Frank B. Kellogg, for defendant Chicago G. W. R. Co.

KOHLSAAT, District Judge. This cause comes on to be heard upon demurrer of the defendants to the petition filed herein by the interstate commerce commission seeking an order of this court enjoining the defendants to cease and desist from making certain charges which the said commission had declared to be unreasonable and unjust.

It is contended on the part of defendants that the petition attempts, by indirection, to fix a maximum rate of transportation, and is therefore obnoxious to the rule of law laid down in Interstate Commerce Commission v. Cincinnati, N. O. & T. P. R. Co., 167 U. S. 479, 17 Sup. Ct. 896, wherein, conceding that such power might have been conferred, the court held that the commission was not vested by the statute with authority to fix rates, either maximum or minimum. The statute does, however, in express terms, empower the commission to execute and enforce the provisions of the act, by notifying the transgressor thereof to cease and desist from specific violations, and to invoke the aid of the federal courts in compelling obedience to such notice or order. It is not an anomaly in law that the commission should have the right to declare any given rate unreasonable and unjust, while it may at the same time be without jurisdiction to fix a rate. The language of section 15 of the act (24 Stat. 384) investing the commission with authority to notify the defendants to cease and desist from the violation of any given provision of the act may fairly be applied to the clause in section 1 reading, "and every unjust and unreasonable charge for such service, is prohibited and declared to be unlawful," without in any way conflicting with the rule of law laid down in Interstate Commerce Commission v. Cincinnati, N. O. & T. P. R. Co.

The defendants further contend that the decision of the court of appeals in the case of Walker v. Keenan, 19 C. C. A. 668, 73 Fed. 755, is conclusive in this case. The court in that case expressly said that the unreasonableness of the charge was not suggested. Here it is the question at issue. Even if it were raised in that case, however, the facts before that court are not available for the purpose of this motion.

The defendants further insist that the finding of facts by the commission do not support its notice or order. The act provides that the findings of the commission shall be prima facie evidence of the matters therein stated, and that this court shall proceed to hear the matter without formal pleadings and proceedings applicable to ordinary suits in equity; so that, certainly for the purposes of a demurrer, no narrow construction should be applied by the court in such a case. The commission does find, among other facts, that the flat rate to Chicago includes compensation for a portion of said two-dollar charge, that the two-dollar charge is made in part for services which should be included in the flat Chicago rate, that the flat Chicago rate is a reasonable charge for all the services which should be included in the transportation of freight to Chicago, and that the two-dollar charge is unreasonable and unjust. Any one of these is sufficient to sustain the petition herein, as against this demurrer.

94 F.—18

While the findings of the commission contained in its report, which is made a part of the petition herein, may not appeal to the judgment of the court upon the merits as disclosed by the report, and while the apparent benefit to result from the enforcement of the order of the commission would seem to be almost unappreciable, yet, in view of the remedial character of the act, the provision thereof that no petition shall be dismissed because of absence of direct damage to complainants, and the further fact that this proceeding is within the letter of the act, I am of the opinion that the petition is sufficient to give this court jurisdiction in the premises for a trial de novo upon the merits. The demurrer is overruled.